# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMONE WOODS,** <br>         Petitioner, <br><br> v. <br><br> **ROBERT GILMORE et. al. Superintendent of The State Correctional Institution at SCI Greene,** <br>         Respondent. | **CIVIL ACTION** <br><br><br><br> **NO. 16-6365** |

## O R D E R

**AND NOW**, this 22nd day of June, 2017, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document No. 5, filed March 28, 2017), Motion for Discovery (Document No. 6, filed March 28, 2017), Motion for Appointment of Counsel (Document No. 7, filed March 28, 2017), all of which were filed by *pro se* petitioner, Shamone Woods, the record in this case, the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated May 10, 2017, and *pro se* petitioner's Objections to Report and Recommendation (Document No. 13, filed June 9, 2017), **IT IS ORDERED** as follows:

    1. The Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated May 10, 2017, is **APPROVED** and **ADOPTED**;

    2. Motion for Discovery filed by *pro se* petitioner is **DENIED** for the reasons set forth in the Report and Recommendation;

    3. Motion for Appointment of Counsel filed by *pro se* petitioner is **DENIED** for the reasons set forth in the Report and Recommendation;

    4. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by *pro se* petitioner, Shamone Woods, is **DISMISSED** as untimely filed; and,

5. Objections to Report and Recommendation filed by *pro se* petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to the Petition Under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

The facts of the case are set forth in the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated May 10, 2017, which this Court has approved and adopted, and will not be repeated in this Order. The Court writes at this time only to explain its ruling on *pro se* petitioner's Objections to Report and Recommendation.

*Pro se* petitioner raises two objections to the Report and Recommendation. First, he claims that extraordinary circumstances warrant application of equitable tolling and that his *pro se* Habeas Corpus Petition should not have been dismissed as untimely filed. In making this argument *pro se* petitioner states that he is illiterate and ignorant of the law, which warrants equitable tolling. Second, *pro se* petitioner argues that the United States Magistrate Judge erred in denying his Motion for Appointment of Counsel.

*Illiteracy and Ignorance of the Law*

Illiteracy or ignorance of the law are not *per se* reasons for justifying equitable tolling. *See, e.g., Ross v. Varano*, 712 F.3d 784, 800 (a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling"). On this issue the United States District Court for the Middle District of Pennsylvania has ruled that "lack of education or legal knowledge . . . are not extraordinary circumstances that warrant equitable tolling," *Mendez v. Superintendent*

*SCI-Huntingdon*, Civil No. 13-1137, 2013 WL 3894865, at *3 (M.D. Pa. July 26, 2013), and that "[l]ack of education and illiteracy . . . do not favor equitable tolling," *King v. Tritt*, No. 13-cv-2045, 2014 WL 2865090, at *3 (M.D. Pa. June 24, 2014) (citing *Mendez*). Other courts have stated that "illiteracy is insufficient to toll the statute of limitations." *Cline v. Schnurr*, 652 Fed. App'x 708, 711 (10th Cir. 2016) (non-precedential) (quotation marks and citation omitted).

While illiteracy and ignorance of the law are certainly obstacles in the path of a petitioner or other person seeking relief, this Court concludes that they are insufficient, without more, to excuse a petitioner's failure to timely file a *habeas corpus* petition during the entire statutory period. *Pro se* petitioner has failed to assert anything other than his claimed illiteracy and ignorance of the law in explaining his failure to timely file his habeas corpus petitioner. Thus, relief on this ground is denied.

*Appointment of Counsel*

*Pro se* petitioner has no "automatic constitutional right" to counsel in a *habeas corpus* proceeding. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) *superseded by statute on other grounds*. Under applicable law, as stated in the Report and Recommendation, where a *pro se* petitioner in a *habeas corpus* case makes a colorable claim, but lacks the means to adequately investigate, prepare or present the claim, counsel may be appointed. However, in this case, because the *habeas corpus* petition is untimely, and must be dismissed, *pro se* petitioner has not raised a colorable claim, and his Motion for Appointment of Counsel is therefore denied.

                                                **BY THE COURT:**

                                                **/s/ Hon. Jan E. DuBois**

                                                    **DuBOIS, JAN E., J.**